IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNIS A. BANKS, and JANET M. BANKS, ) ) ) Plaintiffs, ) ) v. ) ) CITIMORTGAGE, INC., and ) MORTGAGE ELECTRONIC ) REGISTRATION SYSTEMS, ) ) Defendants. ) | 4:11CV3203<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on a Motion to Dismiss filed by Defendant CitiMortgage, Inc. ("CitiMortgage"). (Filing No. 21.) As set forth below, CitiMortgage's Motion to Dismiss is granted.

## I. BACKGROUND

Plaintiffs filed their Complaint in this matter on November 17, 2011, against CitiMortgage and Mortgage Electronic Registration Systems ("MERS"). (Filing No. 1 at CM/ECF p. 1.) In their Complaint, Plaintiffs state that they "became delinquent on their home loan" on July 14, 2011. (*Id*. at CM/ECF p. 3.) On August 1, 2011, Plaintiffs received a notice of foreclosure from CitiMortgage's representatives. (*Id*.) Liberally construed, Plaintiffs seek to prevent CitiMortgage from foreclosing on their home because CitiMortgage "lacks standing to enforce the obligation alleged due on the note or [to] execute foreclosure proceedings against Plaintiffs." (*Id*. at CM/ECF p. 4.)

In addition to their Complaint, Plaintiffs filed a Motion for Temporary Restraining Order, which the court denied on November 30, 2011. (Filing Nos. 2 and 7.) In doing so, the court informed Plaintiffs that it was "mindful of its obligation to

promote comity between state and federal judicial bodies" and that it would "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." (Filing No. 7 at CM/ECF p. 2.) The court further stated that "[a]lthough Defendants have not yet been served with summons or filed answers, it is likely that the court will dismiss this matter in accordance with *Younger* principles." (*Id*.)

Summons were returned executed upon CitiMortgage and MERS on May 31, 2012, and June 1, 2012, respectively. (Filing Nos. 14 and 15.) On July 16, 2012, CitiMortgage filed a Motion to Dismiss along with a Brief and Index of Evidence in Support. (Filing Nos. 21, 22, and 23.) Plaintiffs did not respond. (*See* Docket Sheet.)

## II. ANALYSIS

### A. Motion to Dismiss Standard

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**B.      CitiMortgage's Motion to Dismiss**

CitiMortgage argues, among other things, that Plaintiffs' Complaint should be dismissed in accordance with the "*Younger* Abstention Doctrine." (Filing No. 22 at CM/ECF p. 7.) The court agrees.

To promote comity between state and federal judicial bodies, "federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Gray v. Pagano*, 287 F. App'x 155, 157-58 (3d Cir. 2008) (affirming district court's abstention under *Younger* where state-court foreclosure action was pending and "[a]ny relief that could be granted by the district court would directly impact Pennsylvania's interest in protecting the authority of its judicial system"); *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming district court's abstention because all three *Younger* requirements were met).

The record before the court shows that CitiMortgage has initiated foreclosure proceedings against Plaintiffs in the District Court of Lancaster County, Nebraska.

3

(Filing Nos. 1 and 23-7.)[1]  This state-court action is a parallel, ongoing proceeding[2] which implicates important state interests.  In addition, Plaintiffs have not alleged, nor demonstrated, that the ongoing state-court foreclosure proceedings will not provide them with the opportunity to raise the claims and arguments raised in their Complaint. *Plouffe v. Ligon*, No. 08-3996, 2010 WL 2178863, at *2 (8th Cir. June 2, 2010) (applying *Younger* and finding abstention warranted where the plaintiff failed to show that the state court proceedings did "not afford him an adequate opportunity to raise his constitutional claims").  Accordingly, the court will abstain from exercising jurisdiction over Plaintiffs' claims.  However, the court will dismiss Plaintiffs' Complaint without prejudice to reassertion in state court.

IT IS THEREFORE ORDERED that:

1. CitiMortgage's Motion to Dismiss (filing no. 21) is granted.

2. Plaintiffs' Complaint is dismissed without prejudice.

---

[1] CitiMortgage has filed a copy of their state-court complaint.  (*See* Filing No. 23-7.)  Because this court may take judicial notice of "public records," and because Plaintiffs allege that a foreclosure proceeding has been initiated against them, the court will consider the state-court complaint when ruling upon CitiMortgage's Motion to Dismiss.  *See, e.g., Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating courts may take judicial notice of judicial opinions and public records).

[2] The record currently before the court is unclear regarding whether a final judgment has been entered in the state-court foreclosure proceeding.  Regardless, if the Nebraska foreclosure action was final, this court would be barred from exercising jurisdiction over that final state-court judgment because the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of October, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.